IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL OKPOR,** : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-0501 |
| : | |
| **CBS NEWS BROADCASTING,** *et al.*, : | |
| Defendants. : | |

**MEMORANDUM**

**SÁNCHEZ, J.**                                                                                           **FEBRUARY 3, 2025**

Plaintiff Michael Okpor brings this *pro se* civil action pursuant to 42 U.S.C. § 1983, raising constitutional claims based on the May 7, 2014 publication of information related to his alleged arrest by Gloucester Township Police Officers. Okpor seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Okpor leave to proceed *in forma pauperis* and dismiss his Complaint.

I.      **FACTUAL ALLEGATIONS**[1]

Okpor names several Defendants including: (1) CBS News Broadcasting, (2) CBS News Philadelphia, (3) CBS News Head Office, (4) Eric Gilkeson, (5) Armor Metals Recycling, LLC, and (6) John Does Nos. 1-10. (*See* ECF No. 2 ("Compl.") at 1-2.) Specifically, Okpor avers that sometime in May 2024, Eric Gilkeson called him a "thief and criminal." (*Id.* at 6.) Gilkeson

---

[1] The facts set forth in this Memorandum are taken from Okpor's Complaint and the attachments thereto. (*See* ECF No. 2). The Court adopts the continuous pagination assigned to the Complaint by the CM/ECF docketing system.

Okpor appears to have included sensitive personal information about himself in the exhibits attached to his Complaint. Accordingly, the Court will limit the Complaint to case-participant-view only. Okpor is cautioned that he must redact certain information, such as his full social security number, bank account number, birthdate, or full names of minors, when submitting filings to the Court. *See* Fed. R. Civ. P. 5.2; E.D. Pa. Local Civ. R. 5.1.3.

told Okpor that he "got the information from CBS News Broadcasting Center." (*Id.*)  Okpor contends that CBS News has defamed him by making "a false publication and harmful statement about [him] to a third party." (*Id.* at 3, 5.)  A copy of the publication at issue is attached to Okpor's Complaint. (*Id.* at 8.)  The publication, dated May 7, 2014, states as follows:

> A South Jersey man was stealing clothes intended for charities and was selling them at flea markets, police said.
>
> Michael Okpor, of Berlin, N.J., was arrested Monday night by officers with the Gloucester Township Police Department.
>
> According to investigators, officers observed a car driven by Okpor pull into the EZ Food Stop convenience store parking lot of Sicklerville Road in Sicklerville.
>
> Authorities say Okpor got out of his car and removed five bags of clothing from the donation container belonging to South Jersey Ventures.

(*Id.*)  Okpor avers that his civil rights have been violated and the "false publication" has caused "severe harm to his reputation" and family, and has also caused damage to his "property, occupation, trade, profession, or business relationships." (*Id.* at 3-4.)  Based on those allegations, Okpor brings claims pursuant to 42 U.S.C. § 1983 for "defamation of character." (*Id.* at 2.)  The Court also understands Okpor to be raising claims for defamation under state law. He seeks monetary damages and withdrawal of the publication from all media. (*Id.* at 4.)

## II.   STANDARD OF REVIEW

The Court grants Okpor leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether

the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "'At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Also, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). Because Okpor is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

### A. Section 1983 Claims

"Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).[2] "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

#### 1. Personal Involvement Requirement

Okpor names Armor Metals Recycling, LLC and John Does Nos. 1-10 as Defendants, but he does not specifically attribute conduct to any of these Defendants. "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original);

---

[2] Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

*Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

### 2. State Actor Requirement

The CBS News outlets named by Okpor are not state actors, so any § 1983 claims against these Defendants fail. *See Mikhaeil v. Santos*, 646 F. App'x 158, 162 (3d Cir. 2016) (*per curiam*) (newspaper and its staff members were "private actors — not state actors"); *see also Harper v. Harrell*, No. 17-5603, 2017 WL 6594382, at *3 n.3 (E.D. Pa. Dec. 22, 2017) (concluding that the Philadelphia Daily News, Fox 29 News, and their employees could not be considered state actors liable for defamation pursuant to § 1983). Accordingly, the Court will dismiss Okpor's § 1983 claims against the CBS News Defendants with prejudice.

Okpor does not provide any factual allegations with respect to Gilkeson that would support an inference that he was acting under color of state law when he allegedly called Okpor a "thief and criminal." *See Massey v. Crady*, No. 17-241, 2018 WL 4328002, at *6 (W.D. Pa. Aug. 8, 2018) ("Private citizens . . . are not state actors, and therefore . . . any § 1983 claims against [them] should be dismissed."); *Brett v. Zimmerman,* No. 15-2414, 2018 WL 6576412, at *6 (M.D. Pa. Nov. 2, 2018) (recommending dismissal of § 1983 claims against private individual as frivolous), *report and recommendation adopted*, 2018 WL 6567721 (M.D. Pa. Dec. 13, 2018); *Toroney v. Woyten,* No. 86-4871, 1986 WL 11081, at *1 (E.D. Pa. Oct. 3, 1986) (dismissing § 1983 claims against private actor as frivolous). Nor does Opkor allege that Defendants Armor

Metals Recycling, LLC and John Does Nos. 1-10 were state actors such that they would be subject to any claims under § 1983.

**B.      State Law Claims**

To the extent that Okpor intended to raise state law defamation claims, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a).[3] This provision grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). A corporation is a citizen of the state in which it was incorporated as well as where it has its principal place of business. *See* U.S.C. § 1332(c). In contrast, "the citizenship of an LLC [or other unincorporated entity] is determined by the citizenship of its members." *Zambelli*, 592 F.3d at 420. "[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Id.* (internal quotations omitted); *see also Voorhees v. Tolia*, 761 F. App'x 88, 91 (3d Cir. 2019) (*per curiam*)

---

[3] The Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims, having dismissed all of Okpor's federal claims.

("As for the entity defendants, they are limited liability companies and are deemed citizens of every state of which one of their members is a citizen."). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3)).

Okpor does not allege the state citizenship of the parties.[4] Rather, he provides a New Jersey address for himself, and Pennsylvania and New Jersey addresses for the named Defendants, which suggests that the parties are not diverse. Because the allegations do not explicitly reveal the Defendants' citizenship for purposes of plausibly establishing diversity of citizenship, Okpor has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3); *Smith v. Albert Einstein Med. Ctr.*, No. 08-5689, 2009 WL 1674715, *4 (E.D. Pa. June 11, 2009) ("Diversity jurisdiction requires complete diversity between the parties. . . . [N]o single Plaintiff may be a citizen of the same state as any single Defendant.") (citations omitted). Since the Complaint fails to allege a basis for diversity jurisdiction, the Court will dismiss any state law defamation claims for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Okpor leave to proceed *in forma pauperis* and dismiss his Complaint. Okpor's § 1983 claims against the CBS News Defendants will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Okpor's remaining federal claims will be dismissed without prejudice, and his state law claims

---

[4] In the section of the form complaint where Okpor was instructed to list the state citizenship of the parties, he wrote "USA." (Compl. at 3.)

will be dismissed without prejudice for lack of subject matter jurisdiction. Okpor will be given an opportunity to file an amended complaint as to any claims dismissed without prejudice in the event he can cure the defects in his claims.[5] An appropriate Order follows, which provides further instruction as to amendment.

                         **BY THE COURT:**

                         /s/ Juan R. Sánchez
                         **JUAN R. SÁNCHEZ, J.**

---

[5] The Court expresses no opinion as to the merits or timeliness of such claims.